

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00143-CR

JOE BOB DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Gray County, Texas
Trial Court No. 11847, Honorable Steven R. Emmert, Presiding

December 19, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, appellant Joe Bob Davis was convicted by a jury of delivery of a controlled substance, namely methamphetamine, and sentenced to sixty-one years of confinement.[1] His appointed counsel on appeal subsequently filed a motion to withdraw supported by an *Anders*[2] brief. Having found an arguable issue warranting

---

[1] Appellant pleaded "true" to each of the two enhancement paragraphs contained within the indictment.

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2 493 (1967).

appeal, we grant counsel's motion to withdraw and remand the cause to the trial court for appointment of new appellate counsel.

Appellate counsel filed an *Anders* brief that discussed her duty under the law and her evaluation of the record. She also identified several potential issues, ultimately determining each was frivolous. However, our independent review of the record leads us to conclude otherwise.

The record includes an objection to the admission of certain extraneous evidence involving the events that led to appellant's detention. That evidence included the testimony of an officer about a pre-existing investigation, which evidence was utilized to purportedly show he was trafficking in, rather than merely possessing, a controlled substance. At trial, the parties and the court discussed at length the admissibility of the information. Part of the exchange encompassed the question of whether defense counsel "opened the door" to the evidence. The merits of appellant's objection to the evidence warrants attention on appeal.

Appellate attorneys must exercise caution in filing *Anders* briefs. Our sister court in Dallas recently issued an opinion thoroughly explaining the *Anders* procedure and how it is to be properly utilized by appellate counsel. *See Limauro v. State*, 675 S.W.3d 368 (Tex. App.—Dallas 2023, no pet.). It observed that an *Anders* brief should be filed when appellate counsel can identify no non-frivolous issues. *Id.* at 372. Properly executed, an *Anders* brief "is an exhaustive endeavor." *Id.* Additionally, proceeding down the *Anders* road can present a troubling challenge to the attorney-client relationship. The effect may be less consequential when the defendant pleads guilty. *Id.* However, that is not necessarily true with a jury trial. Utilizing *Anders* in that circumstance should be rare,

given the plethora of actual issues normally involved. *Id.* Indeed, if there were issues worth trying, there are probably issues worth appealing. *Id.*

Moreover, in *Anders* practice, an issue is frivolous or lacking merit when it has no basis in law or fact and "cannot conceivably persuade the court." *Bowen v. State*, No. 05-21-00845-CR, 2023 Tex. App. LEXIS 7249, at *1 n.2 (Tex. App.—Dallas Sep. 15, 2023, no pet.) (mem. op. on reh'g, not designated for publication). An example of this may be when issues requiring preservation were not preserved. Nor does the likelihood of prevailing on an issue having basis in fact or law render an issue frivolous or not. *Limauro*, 675 S.W.3d at 374. An example of this may arise when the harmless error rule favors the issue's rejection.

We further note that appellate attorneys should avoid usurping the court's role. Proper *Anders* analysis illustrates "how case law and the facts foreclose the issue." *Limauro*, 675 S.W.3d at 375. In short, appointed counsel advocates the arguable, irrespective of the likelihood of success. We are charged with determining if the arguable favors adoption.

Counsel at bar actually urged an arguable issue in her *Anders* brief but mistakenly deemed it frivolous. When at least one issue is arguable, *Anders* is not the proper mode of continuation. Accordingly, we grant counsel's motion to withdraw, abate the proceeding, and remand the cause to the trial court. On remand, the trial court shall, by written order, appoint new counsel to represent appellant on appeal. The name, address, email address, telephone number, and State Bar number of newly appointed counsel must be specified in the order. The trial court will then cause its order to be filed in a supplemental clerk's record with the clerk of this court no later than January 12, 2024.

The deadline by which newly appointed counsel must file an appellant's brief or other brief addressing the aforementioned question of the admissibility of extraneous evidence and any other arguable issues he or she may encounter is February 29, 2024, unless otherwise extended. Newly appointed counsel may also request the supplementation of the appellate record as needed. Such supplementation, if any, must be requested by written motion filed with the clerk of this court before February 15, 2024.

It is so ordered.

Per Curiam

Publish.